**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. _______________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff MAZ Encryption Technologies LLC ("MAZ" or "Plaintiff") makes the following allegations against Defendant Lenovo (United States) Inc. ("Defendant"):

**BACKGROUND**

1. Stephen J. Zizzi is an accomplished electrical engineer and the inventor of United States Patent No. 8,359,476 ("'476 patent" or the "Asserted Patent"). In 1996, Mr. Zizzi and Chris Mahne, an entrepreneur and co-inventor on another patent, launched MAZ Technologies, Inc. to develop software security products. Mr. Mahne was the President of MAZ Technologies, Inc., and Mr. Zizzi was the Chief Technology Officer. While at MAZ Technologies, Inc., Mr. Zizzi developed novel technologies relating to electronic information and document security using file-level and biometric encryption. The MAZ technology includes, among other things, information security that is transparent and seamless to the users.

**PARTIES**

2. MAZ is a Delaware limited liability company.

3. On information and belief, Defendant is a Delaware corporation with principal office at 1009 Think Place, Morrisville, NC 27560. Defendant has appointed The Corporation

Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801as its agent for service of process.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm MAZ in this District, by, among other things, using, selling, offering for sale, and/or importing infringing products and/or services in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. For example, on information and belief, Defendant has used, sold, offered for sale, and/or imported infringing products and/or services in this District.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,359,476**

7. MAZ is the owner by assignment of the '476 Patent, entitled "User Authentication System And Method For Encryption And Decryption." The application for the '476 Patent was filed on December 1, 2010. The patent issued on January 22, 2013. A true and correct copy of the '476 Patent is attached as **Exhibit A.**

8. Defendant has been and now is directly and/or indirectly infringing the '476 Patent, in this judicial District and elsewhere in the United States, by, among other things,

making, using, importing, offering for sale, and/or selling bio-metric computer encryption systems configured to authenticate a user for encryption or decryption. The infringing products and services include, for example, Defendant's ThinkVantage and fingerprint sensors, and Defendant's products and services incorporating the same, and various versions thereof.

9. By engaging in the conduct described herein, Defendant has injured MAZ and is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271.

10. Defendant has committed these acts of infringement without license or authorization.

11. To the extent that facts learned in discovery show that Defendant's infringement of the '476 Patent is or has been willful, MAZ reserves the right to request such a finding at the time of trial.

12. As a result of Defendant's infringement of the '476 Patent, MAZ has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court. MAZ will continue to suffer damages in the future unless this Court enjoins Defendant's infringing activities.

13. MAZ has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '476 Patent.

## PRAYER FOR RELIEF

MAZ respectfully requests that this Court enter:

A. A judgment in favor of MAZ that Defendant has infringed, directly and/or indirectly, the '476 Patent (the "Asserted Patent");

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Asserted Patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendant to pay MAZ its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MAZ its reasonable attorneys' fees against Defendant;

E. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to MAZ, including without limitation, pre-judgment and post-judgment interest; and

F. Any and all other relief to which MAZ may be entitled.

**DEMAND FOR JURY TRIAL**

MAZ, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 22, 2013

OF COUNSEL:

Alexander C.D. Giza
C. Jay Chung
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
agiza@raklaw.com
jchung@raklaw.com

BAYARD, P.A.

*/s/ Richard D. Kirk*

Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff MAZ Encryption Technologies LLC*