**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 13-303-LPS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LENOVO (UNITED STATES) INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Lenovo (United States) Inc. ("Lenovo") hereby answers the First Amended Complaint for Patent Infringement filed by Maz Encryption Technologies LLC on May 6, 2013 (D.I. 12, hereinafter "First Amended Complaint").

## BACKGROUND

1. Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

## PARTIES

2. Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Lenovo admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1009 Think Place, Morrisville, North Carolina. Lenovo admits that it has appointed The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

4. Lenovo admits that this is a case brought under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies the legal sufficiency of Plaintiff's claims and allegations. Lenovo admits that this Court has jurisdiction over the subject matter of this action.

5. For the purposes of this case only, Lenovo admits that this Court has personal jurisdiction over Lenovo. Lenovo admits that Lenovo is a Delaware corporation and that its products have been sold in this District. Lenovo denies the remaining allegations of paragraph 5.

6. Lenovo admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), but Lenovo reserves the right to seek to transfer the present action to a different district under 28 U.S.C. § 1404(a). Lenovo admits that Lenovo is a Delaware corporation, and Lenovo refers to paragraph 5 above with respect to personal jurisdiction. Lenovo denies the remaining allegations of paragraph 6.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,359,476

7. Lenovo admits that United States Patent No. 8,359,476 ("the '476 patent") is entitled "User Authentication System And Method For Encryption And Decryption" and that the '476 patent indicates on its face that it was issued on January 22, 2013, based on an application filed December 1, 2010. Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies them.

8. Lenovo denies the allegations of paragraph 8.

9. Lenovo denies the allegations of paragraph 9.

10. Lenovo denies the allegations of paragraph 10.

11. Lenovo denies the allegations of paragraph 11.

12. Lenovo denies the allegations of paragraph 12.

13. Lenovo denies the allegations of paragraph 13.

14. Lenovo denies the allegations of paragraph 14.

15. Lenovo denies the allegations of paragraph 15.

## PLAINTIFF'S PRAYER FOR RELIEF

Lenovo denies that Plaintiff is entitled to any of the relief that it requests.

## DEFENSES

### First Defense – Non-Infringement

16. Lenovo is not infringing and has not infringed any valid claim of the '476 patent, either literally or under the doctrine or equivalents.

### Second Defense – Invalidity

17. The claims of the '476 patent are invalid and/or unenforceable for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense – Prosecution History Estoppel

18. Plaintiff is estopped from construing the claims of the '476 patent in such a way as to cover any Lenovo product or process by reason of statements made to the United States Patent and Trademark Office during the prosecution of the application that led to the issuance of the '476 patent.

### Fourth Defense – No Indirect Infringement

19. Lenovo is not liable for indirect infringement, either by contributory infringement or inducing infringement, because Plaintiff cannot establish the elements required by 35 U.S.C. §§ 271(b) or 271(c).

**Fifth Defense – Equitable Defenses**

20. Plaintiff's claims for relief are barred in whole or in part under one or more of the principles of equity, including but not limited to laches, prosecution laches, waiver, estoppel, and/or unclean hands.

**Sixth Defense – Limitation on Damages**

21. Plaintiff's claim for damages is subject to the limitation(s) on damages set forth in 35 U.S.C. § 287 and/or 35 U.S.C. § 288.

**Seventh Defense – License or Exhaustion**

22. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or methods are or were authorized on account of a supplier and/or customer of Lenovo having one or more express or implied licenses to the '476 patent and/or (ii) under the doctrine of patent exhaustion.

**RESERVATION OF RIGHTS**

Lenovo reserves the right to add any additional defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, Lenovo respectfully requests that the Court enter judgment as follows:

(a) Dismissing the First Amended Complaint in its entirety, with prejudice;

(b) Declaring that Lenovo does not and has not infringed any valid claim of the '476 patent;

(c) Declaring that each and every claim of the '476 patent is invalid;

(d) Finding that this is an exceptional case under 35 U.S.C. § 285, entitling Lenovo to attorneys' fees;

(e) Awarding Lenovo reasonable attorneys' fees and costs in connection with this action, to the fullest extent under the law; and

(f) Awarding Lenovo such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Lenovo requests a trial by jury of any issues so triable by right.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Lenovo (United States) Inc.*

OF COUNSEL:

John Flock
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Tel: (212) 425-7200

Douglas E. Ringel
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel: (202) 220-4200

Dated: May 23, 2013
1107744 / 40092

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 23, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on May 23, 2013, the attached document was electronically mailed to the following person(s)

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vitradentes@bayardlaw.com

Alexander C.D. Giza
C. Jay Chung
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
agiza@raklaw.com
jchung@raklaw.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1099444 / 40092